UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH EQUITY SERVICES, LLC<br>d/b/a COMMONWEALTH FINANCIAL<br>NETWORK,<br><br>Defendant. | Case No. 19-cv-11655-IT |

**ORDER ALLOWING DEPOSITIONS BY REMOTE MEANS AND
ESTABLISHING REMOTE DEPOSITION PROTOCOLS**
September 16, 2020

After considering Defendant Commonwealth Equity Services, LLC's motion for protective order [#39], and Plaintiff Securities and Exchange Commission's opposition and motion for order allowing depositions by remote means [#43], the Court orders that the parties may subpoena and notice depositions to be taken by remote means, including video conferencing platforms such as WebEx and Zoom. These remote depositions may be subpoenaed and/or noticed in the forms proposed by the Commission and attached to its opposition [#43]. Further, these remote depositions shall commence no earlier than October 1, 2020 and be completed no later than December 18, 2020, and be taken by the parties using the following protocols:

1. The party noticing the deposition shall include the video-teleconference platform it intends to use in the notice of deposition, and if there are any objections to the noticed platform, the parties shall meet and confer to attempt to reach an agreement.

2. Counsel for the respective parties may appear by audio or audio-video

teleconference. Counsel for a deponent (including a party being deposed) may appear by audio teleconference, audio-video teleconference, and may appear from the same physical location as the deponent. However, the fact that pandemic-related restrictions may prevent counsel from physically being in the same location as a deponent shall not be a basis for objecting to a deposition, or delaying a deposition.

3. The parties will record a deposition session by stenographic means and may also record a deposition session by audio-video means. Only the official court reporter, and videographer if one is noticed, engaged for the deposition will create an audio or visual record of the deposition, and no attendee will attempt to separately create an audio or video record of the deposition through the use of the teleconference platform / application or otherwise. The video recording will focus on the deponent, not on anyone else who may be visible on a computer screen. This paragraph is not intended to and does not prevent the attorneys or participants to the deposition from taking their own notes during the deposition. The court reporter will participate by audio and/or audio-video teleconference. The videographer, if a videotaped recording of the deposition is noticed, will participate in-person with the deponent.

4. The oath of the deponent may be administered remotely by the court reporter, through the video-conference means, and this oath shall have the same effect as if given in the physical presence of the deponent.

5. At the request of any party, at a mutually agreeable time within a week of the deposition date, the deponent and court reporter shall conduct a "test run" to confirm that there are no technical problems associated with conducting the deposition remotely. Representatives from each party will be permitted to attend the "test run."

6. Two business days prior to the deposition, counsel for the party taking the deposition will provide an electronic copy of all exhibits that counsel reasonably and in good

faith plan on using during the deposition, except for impeachment purposes. If any party subsequently determines that it is likely to need to use any additional exhibit(s), such party will notify the opposing party's counsel promptly and provide an electronic copy via email or file transfer protocol as soon as practicable. If any party determines during the deposition that it will use any additional exhibit(s), such party shall provide a an electronic copy via email or file transfer protocol during the deposition, and may begin asking questions about any such exhibit as soon as the opposing party attending the deposition has confirmed receipt of the exhibit and been afforded a reasonable opportunity to review it. All pages of each exhibit shall be numbered to expedite remote questioning.

7. For each deposition, each Party will have one Lead Counsel responsible for questioning and making record objections. Each Party will identify their Lead Counsel when making their initial appearance at the deposition.

8. To ensure optimal audio quality and minimize the risk of disruption, all attendees (other than the deponent) who are not actively involved in questioning or stating objections shall mute their microphones unless and until they are required to speak.

9. No Party, counsel for any Party (other than counsel for the deponent), or employee or agent of any Party will be physically present with the deponent during remote testimony.

10. Once the deposition begins, if any Lead Counsel becomes inadvertently disconnected from the deposition, either by audio, video, or both, because of technical difficulties, that fact of their being disconnected shall be noted on the record as soon as any attendee becomes aware of that issue and the deposition must immediately be suspended until that Lead Counsel has re-joined and has full access to both audio and video. The suspended time will not count against the 7 hour time limitations in Federal Rule of Civil Procedure 30(d)(1).

The provisions of this paragraph do not apply to any purposeful disconnection from the deposition by counsel.

11. The court reporter and/or videographer will provide a telephone number for use by the attendees to inform the court reporter or videographer if a Lead Counsel becomes disconnected or is otherwise experiencing technical difficulties.

12. In the event that a portion of the deposition has continued while a Lead Counsel is absent or experiencing technical difficulties as set forth in paragraph 10, the transcript of that portion must be re-read upon the resolution of the technical difficulty, and Lead Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence.

13. If at any time the court reporter indicates that he or she is unable to effectively transcribe the deposition due to technical difficulties, the deposition shall be paused and the parties will attempt to resolve those issues. If the technical difficulties cannot be resolved to the satisfaction of the court reporter, the deposition will be suspended. The same rule applies to any technical difficulty that prevents the deponent or any Lead Counsel from hearing or seeing the deposition. If the concerns cannot be resolved, then the deposition shall be suspended until the concerns are resolved by the Court or through other means. The paused or suspended time will not count against the 7 hour time limitations in Federal Rule of Civil Procedure Rule 30(d)(1).

14. During the taking of the deposition, the deponent will not view any document or other data or material unless the document or materials are first identified on the record.

15. During the taking of the deposition, the parties and deponent will not attempt to use any "chat" features.

16. While on the record during the deposition, there will be no communication by any counsel with the deponent by text, chat or otherwise, except for communications on the record.

17. However, while on breaks during the deposition and off the record, the deponent

may speak privately with the counsel representing him. The deponent may also request, on the record, to speak privately to counsel if a pending question raises concerns for privilege, work product, or privacy. Such communications will take place by whatever separate, private audio or audio-visual means the deponent and counsel select. During all breaks, the virtual deposition "room" shall remain open for the court reporter, videographer, or any other attendees who are not participating in a breakout room or separate conference. The suspended time will not count against the 7 hour time limitations in Federal Rule of Civil Procedure Rule 30(d)(1).

18. If, during the course of questioning, a deponent wishes to review a document that is being displayed, the questioning counsel shall display all portions of the document reasonably requested by the deponent before requiring an answer to the question. If questioning counsel believes that the deponent is taking more than a reasonable amount of time to review a document and intends to go off the record such that the time for review is not counted against the 7 hour time limit in Federal Rule of Civil Procedure Rule 30(d)(1), questioning counsel shall so state, and give other counsel an opportunity to object.

_/s/ Indira Talwani_
United States District Judge

September 16, 2020

5