UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE      *
COMMISSION,                  *
                             *
        Plaintiff,           *
              v.             *        Civil Action No. 1:19-cv-11655-IT
                             *
COMMONWEALTH EQUITY SERVICES, *
LLC,                         *
                             *
        Defendant.           *

MEMORANDUM & ORDER

February 23, 2024

TALWANI, D.J.

        The Securities and Exchange Commission ("SEC") brought suit against Commonwealth

Equity Services, LLC ("Commonwealth") alleging that Commonwealth violated Sections 206(2)

and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"). The court granted SEC's

motion for partial summary judgment as to liability and denied Commonwealth's cross-motion

for summary judgment as to all claims and affirmative defenses. Mem. & Order [Doc. No. 109].

Commonwealth now moves for reconsideration of that Order. For the following reasons,

Commonwealth's Motion for Reconsideration [Doc. No. 116] is DENIED.

I.      Standard

        To succeed on a motion for reconsideration, the moving party generally must show (1) an

intervening change in the controlling law; (2) the need to correct a clear error of law; or (3)

newly discovered evidence not available to the court when the order was issued. See In re

Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014). "Unless the court has

misapprehended some material fact or point of law, such a motion is normally not a promising

vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."

Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citing In re Sun Pipe Line Co., 831 F.2d 22, 24–25 (1st Cir.1987)).

A party is not entitled to present new arguments on a motion for reconsideration. "Even if the delayed presentation resulted from nothing more than [the party] having second thoughts about its best arguments, parties are bound by the choices they make." Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 26 (1st Cir. 2007).

## II.    Discussion[1]

Commonwealth does not contend that there has been an intervening change in relevant law, that reconsideration is needed to correct a clear error of law, or that it has newly discovered evidence that was not available to the court when the order was issued.

Instead, Commonwealth argues that "[w]hile the parties' cross-motions for summary judgment focused primarily on whether liability could be determined as a matter of law . . . the principal basis for this motion for reconsideration is that at least three genuine issues of material fact for trial concerning Commonwealth's alleged liability preclude the granting of partial summary judgment to the SEC." Mem. in Supp. of Def.'s Mot. for Reconsideration ("Commonwealth Mem.") 1-2 [Doc. No. 117].

The SEC responds that Commonwealth's motion is "largely covering ground it already tread, or could have, in opposing [SEC's] motion for summary judgment," thus making Commonwealth's reconsideration motion inappropriate. Pl.'s Opp. to Def.'s Mot. for Reconsideration ("SEC Opp.") 2 [Doc. No. 120].  SEC contends further that where "summary judgment arguments were predicated on the basis that liability could decided as a matter of law[,]

---

[1] The facts relevant to the underlying summary judgment motions are recounted in the court's Memorandum and Order [Doc. No. 109] and are incorporated herein.

[Commonwealth] cannot now reverse course and argue that liability presents contested issues of fact that must be presented to a jury." Id. at 2. The court takes each issue raised by Commonwealth in turn.

A. *Materiality*

In its motion for reconsideration, Commonwealth argues that "[w]hether Commonwealth's revenue-sharing arrangement [] would be material to a reasonable client of Commonwealth is an issue of fact for trial." Commonwealth Mem. 2 [Doc. No. 117]. It posits that "[n]o colorable claim can be made that the arrangement, which was operative at the corporate level, influenced [its investment advisers'] advice." Id. at 3.

At bottom, these arguments are the same as Commonwealth's materiality arguments on summary judgment, which the court considered and rejected. In its summary judgment briefing, Commonwealth contended that its conflicts of interest were mitigated because its investment advisers were insulated from knowledge of the revenue-sharing agreements and were not compensated on that basis. Mem. of Def. Commonwealth Equity Servs., LLC in Supp. of its Mot. for Summ. J. ("Commonwealth SJ Mem.") 16-17 [Doc. No. 74-1]. The court rejected this argument, finding that "Commonwealth's corporate structure and business practices [did] not exempt it from its disclosure obligations regarding conflicts of interest" under the Advisers Act. Mem. & Order 23 [Doc. No. 109]. Absent new evidence or an intervening change in the relevant law, neither of which Commonwealth has identified, Commonwealth cannot use a reconsideration motion to relitigate questions already decided on summary judgment.

B. *Negligence*

Commonwealth argues that although it "was unable to persuade the Court that the undisputed absence of any risk of harm to clients . . . entitled Commonwealth to summary

judgment," "whether any failure to disclose amounts to culpable negligence, under the totality of the circumstances, presents a question for the jury." Commonwealth Mem. 5 [Doc. No. 117].

SEC responds that Commonwealth's arguments are "entirely new." SEC Opp. 3 [Doc. No. 120]. It highlights that Commonwealth did not directly address the question of negligence on summary judgment, that the court relied on SEC's undisputed facts in concluding that Commonwealth's failure to disclose was negligent, and that Commonwealth did not dispute the facts underlying the court's negligence determination. Id. at 3-4.

SEC is correct that Commonwealth's arguments in its summary judgment briefing did not address the question of negligence head-on. Moreover, the cases on which Commonwealth now relies to say that negligence could not appropriately be resolved on summary judgment are unavailing. In SEC v. Ambassador Advisors, LLC, for example, the facts surrounding defendant's disclosure practices and conflicts of interest were disputed, including via competing expert testimony. 576 F. Supp. 3d 286, 302 (E.D. Pa. 2021). The court concluded that "[b]ecause each side has produced competent evidence supporting its arguments on negligence, there remains a genuine dispute of fact" as to whether defendants' business practices were negligent. Id. Here, Commonwealth neither disputed the facts underlying the court's negligence finding on summary judgment, nor does it offer new facts on reconsideration that suggest that the court's finding was based on disputed material facts.

Accordingly, the arguments for reconsideration as to negligence fail where Plaintiff has identified neither an error in the court's application of the relevant law nor new evidence unavailable to the court during summary judgment.

C.      *Adequacy*

On summary judgment, SEC argued that Commonwealth's statements regarding certain fees were inadequate because they only disclosed receipts from certain revenue-sharing programs and did not reveal that Commonwealth's revenue sharing was limited to certain funds. Pl. Securities and Exchange Commission's Mem. in Opp. to Commonwealth's Mot. for Summ. J. ("SEC SJ Opp.") 14 [Doc. No. 87]. Commonwealth contended that its disclosures of compensation from revenue sharing were adequate, particularly where SEC did not show that Commonwealth's clients would have acted differently with more fulsome disclosure. Reply of Def. Commonwealth Equity Servs., LLC in Supp. of its Mot. for Summ. J. 16 [Doc. No. 99]. The court found that "Commonwealth's disclosure of certain details related to the revenue sharing arrangement or the revenue sharing arrangement only as a hypothetical is inadequate under the Advisers Act." Mem. & Order 27 [Doc. No. 109].

On reconsideration, Commonwealth argues that adequacy is a jury question, because adequacy turns on what information an advisory client would reasonably need to consent to a conflict of interest, and "a determination regarding an advisory client's 'reasonable needs is quintessentially the jury's function.'" Commonwealth Mem. 6 [Doc. No. 117] (quoting Ambassador Advisors, 576 F. Supp. 3d at 300). Commonwealth contends that a reasonable jury viewing the "total mix" of Commonwealth's disclosures could determine that those disclosures were adequate under the Advisers Act. Id. at 7-8.

SEC responds that Commonwealth never argued on summary judgment that a change in disclosure protocol over time creates a jury question. SEC Opp. 5 [Doc. No. 120]. Instead, Commonwealth "argued in its own motion for summary judgment that its disclosures were

adequate on their face," and the court disagreed. Id. Commonwealth cannot now claim that adequacy was a jury question all along.

A review of Commonwealth's adequacy arguments on summary judgment reveals that SEC is correct. Commonwealth argued that its disclosures were per se adequate and consistent with SEC's opinions in other disclosure cases. See Commonwealth SJ Mem. 20-21 [Doc. No. 74-1]. It did not suggest, as it does now, that the question of adequacy was not appropriate for resolution on summary judgment. And Commonwealth's reliance in its reconsideration motion on various cases where courts have found adequacy to be a jury question does not establish that the court made a manifest error of law in this case by deciding adequacy as a question of law. See, e.g., SEC v. Westport Cap. Mkts., LLC, 408 F. Supp. 3d 93, 104-5 (D. Conn. 2019) (granting summary judgment as to adequacy of disclosures and negligence on similar facts where evidence showed that defendants knew of conflicts of interest and failed to disclose them).

In sum, Commonwealth has neither established that the court's summary judgment decision contained a manifest error of law, nor identified an intervening change in relevant case law, new evidence, or any other meritorious grounds for reconsideration.

## III.    Conclusion

For the foregoing reasons, Commonwealth's Motion for Reconsideration [Doc. No. 116] is DENIED.

IT IS SO ORDERED.

February 23, 2024                                   /s/Indira Talwani
                                                          United States District Judge